EHRLICH, APPELLANT, *v.* WILLIS MUSIC CO., APPELLEE.

(No. 7554—Decided May 19, 1952.)

*Mr. Robert A. Goldman,* for appellant.
*Messrs. Aronoff & Young,* for appellee.

MATTHEWS, J. This is an appeal by the plaintiff from a judgment in his favor for $23.17 at a trial without a jury, rendered at the close of his evidence. The appeal, therefore, raises the question of whether there is evidence of ultimate facts which require a judgment for a larger sum.

In his amended bill of particulars, the plaintiff al-

leged that he purchased an Admiral television set and paid the purchase price of $23.17 in full therefor, that the defendant refused to deliver said television set to him, and that, by reason thereof, he had been damaged in the sum of $274.95, for which he prayed judgment.

The defendant answered, denying that it had sold to the plaintiff a television set and alleging that if its employee accepted $23.17 and gave a receipt in full, it did so under a mistake of fact and law, resulting from the misrepresentation of the plaintiff.

It appears from the bill of exceptions that on Sunday, the 30th day of September, 1951, the plaintiff read in the Cincinnati Enquirer an advertisement as follows:

"Television

" '16' Admiral Console T. V.

"$22.50

"Including federal tax and parts warranty

"The Willis Music Co.

"124 E. 4th St."

It is not contended that this advertisement constituted an offer. It was no more than an invitation to patronize the store. I Restatement of the Law of Contracts, 32, Section 25, comment a.

The plaintiff was present at the defendant's store when it was opened the following morning and entered before all the personnel had arrived and before they were organized for business. He was the first customer to enter. A salesman having charge of the television department arrived at 9:17 a. m., and seeing the plaintiff asked him what he wanted. The plaintiff showed him the advertisement and told him he would like to see the Admiral. The salesman told him there was no Admiral in that store, but that the defendant had such a set in another of its stores in Covington, Kentucky.

The plaintiff was asked this question on cross-examination: "You were already told it was a mistake at that time, weren't you?" And he answered: "The gentleman had said it was a mistake but he would stand behind it as I told you."

The evidence is clear that the plaintiff is an intelligent, educated man, with considerable business experience. He knew that $22.50 was not one-tenth the price of an Admiral television set of the type described. His haste in seeking to take advantage of the advertisement justifies the implication that he knew there was some mistake—and the salesman expressly told him that there had been a mistake.

There is no evidence that the salesman had authority to fix the price, other than the fact that he was in the store, clothed with apparent authority to sell in the ordinary course of business. That ordinarily would be sufficient.

There is other evidence that tends to prove those with whom the plaintiff dealt had authority, but, as already stated, we are concerned on this appeal in determining whether there is substantial evidence to support the court's conclusion of lack of authority.

The question is whether that apparent authority arises when the customer suspects, or has reasonable grounds to suspect a lack of authority, and is also told that the salesman is acting on an apparent authority created by a mistake.

In 1 Restatement of the Law of Agency, 159, Section 65, comment a, it is said: "Unless otherwise agreed, authority to sell does not include authority * * * to make a gift" of the subject matter.

While this case does not involve the authority of a selling agent to make an outright gift, it does present a case of an agent disposing of his principal's property for less than one-tenth of its market value to one

who has full knowledge of the inadequacy of the price, and in addition knows that the agent is acting under the belief that compliance with a mistake in the advertisement requires his action. It seems to the court that the same principle that excludes a selling agent from making a gift of the subject matter precludes the plaintiff from deriving any advantage against the defendant under the circumstances here presented.

That there are or may be limitations upon the apparent authority of an agent is clear from the authorities.

In 2 American Jurisprudence, 80, Section 99, it is said:

"Accordingly, the general rule is that one who deals with an agent, knowing that he is clothed with a circumscribed authority and that his act transcends his powers, cannot hold his principal; this is true whether the agent is a general or a special one, for a principal may limit the authority of one as well as of the other. Whether one who dealt with an agent had notice of limitations on his authority is ordinarily a question for the jury."

And, at page 85, Section 103:

"The apparent or implied authority of an agent cannot be so extended as to permit him to depart from the usual manner of accomplishing what he is employed to effect. Nor can he enlarge his powers by unauthorized representations and promises. Of course, the principal is not bound where the agent exceeds the scope of his apparent authority and his want of authority is known to the person dealing with him, or if the third person actually knows, or should know, the limitations of the agent's authority."

We also quote the rule on this subject from 2 Corpus Juris Secundum, at page 1188, Section 92:

"In so far as a third person has notice or knowledge

at the time of dealing with an agent of the inconsistency between the powers which the agent has and those which he assumes to exercise, the authority of the agent is deemed not to extend beyond that actually conferred upon him, to the exclusion of whatever apparent authority might exist in the absence of such notice or knowledge.''

And, further, at page 1189:

''The third person need not know or be charged with notice of the precise limits and extent of the agent's authority or of the exact tenor of the qualifying instructions; whenever, under all the facts or circumstances such third person knows, or has good reason for knowing or believing, that an act undertaken by the agent or a matter with which he assumes to deal is in excess of the authority conferred, such an act or matter falls altogether beyond his authority of whatsoever character or kind as to the third person.''

The facts and circumstances of which the plaintiff had knowledge at the time would justify the reasonable conclusion that he should have been warned thereby that the apparent authority of the agent did not extend to a sale for one-tenth of the market value.

We are of the opinion that it was a question of fact whether under the circumstances the selling agent had authority to bind the defendant to make this sale, and that there is substantial evidence in support of the trial court's conclusion that the defendant was not bound.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.