**ALLIGOOD et al., Appellants,**

**v.**

**PROCTER & GAMBLE COMPANY, Appellee.**

[Cite as *Alligood v. Procter & Gamble Co.* (1991), 72 Ohio App.3d 309.]

Court of Appeals of Ohio,
Hamilton County.

No. C–890765.

Decided Jan. 30, 1991.

*Greenfield & Chimicles, Richard D. Greenfield, Francis J. Farina, Strauss & Troy, Richard S. Wayne* and *William K. Flynn*, for appellants.

*Dinsmore & Shohl, Thomas S. Calder* and *John E. Jevicky*, for appellee.

*Per Curiam.*

On May 1, 1989, two groups of plaintiffs filed separate complaints against defendant-appellee, the Procter & Gamble Company ("P & G"), alleging breach of contract arising from a catalog promotion advertised on boxes of Pampers diapers. The plaintiffs-appellants sought class-action certification and representation, which was granted on June 27, 1989.

On June 16 and June 29, 1989, P & G filed motions to dismiss, requesting that they be treated as motions for summary judgment. Following oral argument, the court of common pleas granted summary judgment to P & G on October 30, 1989.

P & G began the Pampers catalog promotional offer in 1981. A statement on each box of Pampers explained that by saving the teddy bear proof-of-purchase symbols on packages of Pampers diapers, a customer could order various baby items from the Pampers Softouches Baby Catalog at a reduced cost. The catalog would be sent free to consumers upon request.

Included in the catalog were pictures of the items for sale and the designated amount of teddy bear symbols and cash necessary for purchase. All sale terms, including the dates during which the offer was in effect, were described in each catalog. The only method for ordering merchandise was the use of the specific order form included in each catalog.

Around April 1989, P & G sent out its final catalog. On the front of the catalog was a statement that it was the final catalog and that the offer would expire on February 28, 1990.

The plaintiffs had cut out and saved the teddy bear symbols. The plaintiffs claim that each package of Pampers contained an offer to enter into a unilateral contract which they accepted by purchasing Pampers and saving the teddy bear proof-of-purchase symbols. The plaintiffs specifically argue that their claim arises solely from the language on the Pampers packages and has nothing to do with any of the language and terms contained within the catalog.

In their single assignment of error, the plaintiffs allege that the trial court erred by finding that no valid contract existed between the plaintiffs and P & G and by granting summary judgment to P & G. We find the assignment to be without merit and affirm the judgment of the trial court.

The precise language of the advertisement printed on packages of Pampers states as follows:

"Save these Teddy Bears points and use them to save money on toys, clothes, furniture, and lots of other baby things when you shop the Pampers Baby Catalog. For your free copy of the Catalog, send your name, complete address and youngest baby's date of birth to:

"Pampers Baby Catalog

"P.O. Box 8634,

"Clinton, Iowa 52736."

It is basic contract law that to have an enforceable contract, there must be a meeting of the minds of the parties to the contract. *Noroski v. Fallet* (1982), 2 Ohio St.3d 77, 2 OBR 632, 442 N.E.2d 1302. A valid contract must also be specific as to its essential terms, such as the identity of the parties to be bound, the subject matter of the contract, consideration, a quantity term, and a price term. See *Mr. Mark Corp. v. Rush, Inc.* (1983), 11 Ohio App.3d 167, 11 OBR 259, 464 N.E.2d 586; 18 Ohio Jurisprudence 3d (1980), Contracts, Sections 17 and 140. If it can be determined that the parties intend to be bound, a court may fashion less essential terms that were omitted, in order to reach a fair and just result. *Litsinger Sign Co. v. American Sign Co.* (1967), 11 Ohio St.2d 1, 40 O.O.2d 30, 227 N.E.2d 609.

■ However, the Ohio Supreme Court has stated that:

"It is settled law that if the parties' manifestations taken together as making up the contract, when reasonably interpreted in the light of all the circumstances, do not enable the court to determine what the agreement is and to enforce it without, in effect, 'making a contract for the parties,' no enforceable obligation results." *Id.* at 14, 40 O.O.2d at 37, 227 N.E.2d at 619.

Clearly, this is the situation before us. The language printed on the boxes of Pampers, which the plaintiffs insist makes up the complete contract with P & G, is sorely lacking in all the requirements necessary to create a valid contract. Only one of the parties, P & G, can be identified. The subject matter of the alleged contract, as well as the consideration required of the offeree, is too vague to be discernible. The advertisement states no price term or quantity term. As one Ohio court has stated, "a contract indefinite at the time of its making is not binding." *Preston v. First Bank of Marietta* (1983), 16 Ohio App.3d 4, 16 OBR 4, 473 N.E.2d 1210. Without question, the advertisement at issue does not rise to the level of a legally enforceable contract.

■ Even if we considered the advertisement in conjunction with the Pampers catalog, which the plaintiffs have specifically asked us not to do, and even if the expiration date in the catalog had not passed, the advertisement and the catalog taken together would not constitute an offer to enter into a contract. They create only an offer to receive offers, an invitation to order from the catalog. *Erlich v. Willis Music Co.* (1952), 93 Ohio App. 246, 51 O.O. 8, 113 N.E.2d 252; *Craft v. Elder & Johnston Co.* (1941), 34 Ohio Law Abs. 603, 38 N.E.2d 416. As such, no legal obligations are created for which P & G can be held responsible.

Upon review of a summary judgment, the evidence must be construed in favor of the nonmoving party and when the evidence is so viewed, if reasonable minds can come only to one conclusion against the nonmoving party, summary judgment was properly granted. *Hounshell v. American States Insurance Co.* (1981), 67 Ohio St.2d 427, 21 O.O.3d 267, 424 N.E.2d 311; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267. In the case before us, we hold that in viewing all the evidence in the plaintiffs' favor, reasonable minds must conclude in favor of P & G and that P & G is entitled to judgment as a matter of law. The decision of the trial court is, therefore, affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., HILDEBRANDT and GORMAN, JJ., concur.