OPINION
{¶ 1} Plaintiff-appellant, Christopher Knoop, appeals a decision of the Clermont County Court of Common Pleas dismissing his breach of contract claim against defendant-appellee, Orthopaedic Consultants of Cincinnati, Inc. dba Wellington Orthopaedic and Sports Medicine and Therapy Services ("Wellington"), pursuant to Civ. R. 12(B)(6). We affirm the decision of the trial court. *Page 2 
 {¶ 2} Wellington provides orthopedic therapy and related medical services to patients at nine offices located in Southwest Ohio. Some of Wellington's patients do not have insurance plans that cover the services. These patients are referred to as "Self-Pay Patients." When a Self-Pay Patient arrives at one of Wellington's offices for treatment, the patient is presented with a one-page document entitled "Wellington Orthopaedic and Sports Medicine and Therapy Services Self Pay Policy" ("Self-Pay Document"), which sets forth Wellington's payment policy for these patients.
 {¶ 3} On May 25, 2005, Knoop visited Wellington's Eastgate office for rotator cuff therapy. He was informed that his insurance plan would not cover his therapy services, and was given a copy of the Self-Pay Document. Knoop signed the Self-Pay Document and returned it to a Wellington employee.
 {¶ 4} Knoop received therapy from Wellington that day and on five subsequent visits. When Knoop received a bill for the services, he complained to Wellington about the amount he was charged. Knoop was told by a Wellington employee that Wellington charged everyone in the same manner and that the Self-Pay Document Knoop signed permitted such charges.
 {¶ 5} On September 28, 2005, Knoop filed a complaint against Wellington alleging breach of contract, misrepresentation, promissory estoppel, and a violation of the Deceptive Trade Practices Act (R.C. Chapter 4165). Knoop alleged that at the time he filed the complaint, he had been overcharged by approximately $392. Wellington moved to dismiss the complaint under Civ. R. 12(B)(6). On March 2, 2006, the trial court dismissed Knoop's breach of contract claim, finding that the Self-Pay Document attached to the complaint did not constitute a contract because the document failed to set forth a certain and definite price for the therapy services provided by Wellington. The trial court denied Wellington's motion to *Page 3 
dismiss with regard to Knoop's three remaining claims.[1]
 {¶ 6} Knoop appealed the trial court's dismissal of his breach of contract claim, and now advances the following sole assignment of error:
 {¶ 7} "THE TRIAL COURT ERRED IN DISMISSING COUNT I OF THE COMPLAINT (THE CONTRACT CLAIM) IN ITS ORDER OF MARCH 2, 2006, AND IN REAFFIRMING THAT DISMISSAL IN ITS FINAL ORDER AND JUDGMENT OF OCTOBER 15, 2007."
 {¶ 8} An appellate court conducts a de novo review of a trial court's decision to dismiss a complaint under Civ. R. 12(B)(6). Smith v. Villageof Waynesville, Warren App. No. CA2007-03-039, 2008-Ohio-522, ¶ 6. Civ. R. 12(B)(6) authorizes the dismissal of a complaint if it "fails to state a claim upon which relief can be granted." Id. In order to prevail on a Civ. R. 12(B)(6) motion, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling relief." DeMell v. The Cleveland Clinic Found., Cuyahoga App. No. 88505,2007-Ohio-2924, ¶ 7.
 {¶ 9} In performing its review, an appellate court must accept the factual allegations in the complaint as true, making all reasonable inferences in favor of the plaintiff. Id. at ¶ 6. The court is confined to the allegations set forth in the complaint, and cannot consider outside evidentiary materials. Castle Hill Holdings, LLC v. Al Hut,Inc., Cuyahoga App. No. 86442, 2006-Ohio-1353, ¶ 43. The court may, however, consider written documents if they are attached to the complaint. National City Mtge. Co. v. Wellman, 174 Ohio App.3d 622,2008-Ohio-207, ¶ 17.
 {¶ 10} The relationship between a health care provider and a patient is contractual in nature. Tracy v. Merrell Dow Pharmaceuticals,Inc. (1991), 58 Ohio St.3d 147, 150. The contract may be either express or implied, and arises out of the performance of professional *Page 4 
health care services. Id. However, a health care provider and a patient may also enter into additional contracts which are separate and distinct from the contract arising out of their professional relationship.Lovely v. Percy, 160 Ohio App. 3d 269, 2005-Ohio-1591, ¶ 21. The alleged existence of this type of independent contract is the subject of Knoop's appeal.
 {¶ 11} Knoop alleged in his complaint that the Self-Pay Document at issue constituted a "contract" between himself and Wellington, and that Wellington breached the contract by billing Knoop for amounts in excess of those stated in the Self-Pay Document. However, upon review of the complaint and the Self-Pay Document, we conclude that the Self-Pay Document did not rise to the level of a legally enforceable contract.[2]
 {¶ 12} The existence of an enforceable contract is a prerequisite to a claim for breach of contract. Garofalo v. Chicago Title Ins. Co. (1995),104 Ohio App.3d 95, 108. A party seeking to prove the existence of a contract must show that the parties to the contract consented to its terms. Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus.Relations, 61 Ohio St.3d 366, 369. There must also be a "meeting of the minds" of the parties, and the essential terms of the contract must be definite and certain. Id. See, also, Turner v. Langenbrunner, Warren App. No. CA2003-10-099, 2004-Ohio-2814, ¶ 13.
 {¶ 13} The essential terms of a contract include: the identity of the parties, the subject matter, consideration, a quantity term, and a price term. Alligood v. Procter Gamble Co. (1991), 72 Ohio App.3d 309, 311. The essential terms are sufficiently certain if they "provide a basis for determining the existence of a breach and for giving an appropriate remedy." Mr. Mark Corp. v. Rush, Inc. (1983), 11 Ohio App.3d 167, 169, quoting Restatement of the Law 2d, Contracts (1981) 92, Section 33. "The fact that one or more terms of a proposed bargain are left open or uncertain may show that a manifestation of intention is not intended to be *Page 5 
understood as an offer or as an acceptance." Id. A contract that is "indefinite at the time of its making is not binding." Alligood at 312, quoting Preston v. First Bank of Marietta (1983), 16 Ohio App.3d 4, 7.
 {¶ 14} Quoting the Ohio Supreme Court's decision in Litisinger SignCo. v. American Sign Co. (1967), 11 Ohio St.2d 1, 14, the court of appeals in Alligood noted, "[i]t is settled law that if the parties' manifestations taken together as making up the contract, when reasonably interpreted in the light of all the circumstances, do not enable the court to determine what the agreement is and to enforce it without, in effect `making a contract for the parties,' no enforceable obligation results." Id.
 {¶ 15} The relevant portions of the Self-Pay Document at issue provide as follows:
 {¶ 16} "Dear Self Pay Patient,
 {¶ 17} "Thank you for choosing Wellington Orthopaedic Sports Medicine and Therapy Services. We are committed to the success of your medical treatment and care. Please understand that payment of your bill is part of this treatment and care.
 {¶ 18} "For your convenience, we have answered the most commonly asked questions below.
 {¶ 19} "2. When is payment expected?
 {¶ 20} "A minimum payment of $100.00 is expected for your first visit. Each follow up visit is $50.00 per treatment session. Payment is due at the time you receive services. The remaining balance will be billed to you in 5 equal monthly installments beginning one month after services are rendered. Your payment is expected within 15 days from the date that you receive your monthly bill."
 {¶ 21} The Self-Pay Patient must sign the bottom of the document, acknowledging that they "understand and agree to abide by Wellington's self pay policy."
 {¶ 22} Knoop paid Wellington $103 for his initial visit and $50 for each follow-up visit. *Page 6 
Wellington billed Knoop $154 for the first visit and $126 for each subsequent visit. Knoop was charged more than $50 for each of his follow-up visits.
 {¶ 23} Knoop argues that the Self-Pay Document can be construed as a contract, and contends that Wellington should not have charged him more than $50 for each follow-up visit. However, Knoop acknowledges in his brief that it not clear from the face of the document how much Wellington could charge for his initial visit, since the $100 payment made at the time services were provided was only a "minimum payment." Knoop argues that the court is required to apply a "standard of reasonableness" to determine the fair value of the services rendered for the initial visit. Our review of the record reveals that Knoop failed to raise this issue in his complaint or with the trial court in response to Wellington's motion to dismiss. As outlined above, our review of the trial court's dismissal of Knoop's claim is confined to the factual allegations set forth in his complaint, as well as the attached Self-Pay Document. See Castle Hill at ¶ 43. In addition, we do not consider issues raised by parties for the first time on appeal. Hutchinson v.Beazer East, Inc., Cuyahoga App. Nos. 86635, 87897, 2006-Ohio-6761, ¶ 35. Therefore, we decline to address Knoop's argument.
 {¶ 24} In accepting the factual allegations set forth in the complaint as true, and making all reasonable inferences in Knoop's favor, we agree with the trial court's determination that the price term in the Self-Pay Document was not sufficiently certain to create an enforceable contract between the parties. The Self-Pay Document provides that a "minimum payment" of $100 is expected for a patient's initial visit. It also states that each follow-up visit is $50 per treatment session, with the "remaining balance" to be billed to the patient in equal monthly installments. Regardless of whether any ambiguity exists with regard to the price of follow-up visits, the document does not set forth any method of calculating the total price of the initial visit. There was no "meeting of the minds" as to this essential term. As a result, the court is unable to determine the basis for Wellington's alleged breach, or for *Page 7 
giving an appropriate remedy. See Mr. Mark Corp., 11 Ohio App.3d at 169. Since the price term was indefinite at the time the Self-Pay Document was presented to Knoop, there can be no "enforceable obligation" imposed upon Wellington. See Alligood at 312.
 {¶ 25} In light of our determination that the Self-Pay Document was not a legally enforceable contract, Knoop's claim for breach of contract fails as a matter of law. Accordingly, we conclude that the trial court did not err in dismissing Knoop's contract claim pursuant to Civ. R. 12(B)(6). Knoop's assignment of error is overruled.
 {¶ 26} Judgment affirmed.
BRESSLER and YOUNG, JJ., concur.
[1] Subsequently, on October 15, 2007, the trial court dismissed Knoop's remaining claims against Wellington pursuant to Knoop's request.
[2] Although Knoop cites to several portions of the record in support of his argument on appeal, our review is limited to the factual allegations set forth in the complaint and the language of the attached Self-Pay Document. *Page 1