[Cite as *Murra v. Farrauto*, 2017-Ohio-842.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Grayson Murra, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 16AP-347 |
| v. | : | (C.P.C. No. 14CV-7219) |
| Ann M. Farrauto et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on March 9, 2017

**On brief:** *Zoll & Kranz, LLC,* and *James G. O'Brien,* for appellant. **Argued:** *James G. O'Brien.*

**On brief:** *Carlile Patchen & Murphy LLP, Joseph M. Patchen* and *Matthew S. Brown,* for appellees. **Argued:** *Matthew S. Brown.*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Plaintiff-appellant, Grayson Murra ("plaintiff" or "appellant"), appeals from the April 8, 2016 decision and entry of the Franklin County Court of Common Pleas granting in part and denying in part appellant's March 11, 2016 motion to enforce settlement agreement and settlement entry (hereinafter "Decision"). For the reasons that follow, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The following are the facts relevant to this appeal. Appellant filed a complaint against defendants-appellees, Ann M. Farrauto, John Farrauto, and Bright Star Academy LLC (collectively "defendants" or "appellees"), on July 10, 2014. Appellant claimed that he was a partner with the Farrautos in a day care business in Dublin, Ohio.

(Compl. at 1.) Appellant sought a declaratory judgment determining the existence of the partnership and his rights therein, and made claims for breach of contract, breach of fiduciary duty, conversion, unjust enrichment, promissory estoppel, accounting, dissociation and wind-up of the partnership. (Compl. at 5-11.) Appellees filed an answer to the complaint on August 7, 2014, wherein they asserted that appellant was an employee, not a partner, in the day care business. (Answer at 7.)

{¶ 3} The matter was scheduled for trial on January 25, 2016. On that date, the parties appeared in court and entered on the record settlement terms that included that defendants would pay the plaintiff $35,000 within 30 days, and an additional total of $20,000 would be paid in equal quarterly payments over 36 months. In exchange, plaintiff would enter a full dismissal with prejudice, only saving enforcement of the monthly payment amount. This agreement would constitute a full release of all claims between these parties. (Jan. 25, 2016 Tr. at 2-4; Decision at 1-2.) On January 27, 2016, the trial court filed a Notice of Settlement instructing counsel to "prepare the appropriate entry for the Court's approval within Twenty (20) days of the time-stamped date of this Notice." (Notice of Settlement at 1.)

{¶ 4} Two days after the economic terms were stated on the record, appellant's counsel offered to draft the settlement entry. (Ex. A.) However, appellant's draft included new terms, including penalties and interest on the quarterly payments, notwithstanding the fact that such terms were never discussed, and even included a new party, i.e., Hawthorn Education Holdings, LLC, which was appellant's new business name. (Ex. B.) Appellee's counsel returned a red-line version the following day. (Ex. C.) From that time on, the parties were unable to agree on the wording of the settlement agreement and entry. (Ex. D-I.)

{¶ 5} Following a breakdown of communications, on March 11, 2016, appellant filed a motion to enforce the oral settlement agreement that was stated on the record on January 25, 2016. In the motion, appellant alleges that appellees refused to pay the settlement unless a "new agreement" with new terms was executed. Appellant did not, however, identify what new terms were allegedly at issue. On March 28, 2016, the trial court held a conference and heard arguments pertaining to appellant's March 11, 2016 motion. In the trial court's decision of April 8, 2016, the court stated:

> Plaintiff's counsel argued that there was no need for a settlement agreement and the parties should only sign an agreement that contains the terms as they were read into the record. Meanwhile, Defendants' counsel advised the Court that a settlement agreement was initially drafted by Plaintiff's counsel, which agreement contained terms not included in those that were read into the record * * * . Defense counsel further informed the Court that, although Plaintiff's counsel indicated his client would not sign the revised agreement, counsel had not, to date, identified which terms or provisions of the revised agreement he found objectionable. * * * The Court advised counsel that they had seven days from the date of the conference within which to provide the Court with anything else they wished to provide, including their respective versions of the proposed settlement agreement.

(Decision at 2-3.)

{¶ 6} The trial court reviewed the briefs, heard arguments, reviewed the parties' respective versions of their proposed settlement agreements, and stated in its decision that appellees' proposed entry does not conflict with the terms read into the record on January 25, 2015. The court found:

> Instead, the terms related to the manner of payment provide additional details pertinent to the how, when and where the payments are to be made, which terms serve to avoid any confusion that may arise between the parties in the future with respect to the manner of payment. The Court further finds the terms related to the release of claims likewise do not conflict with the terms read into the record, are of a boiler-plate nature and apply equally to both sides.

(Decision at 3.)

{¶ 7} Having considered both proposed settlement agreements and having made changes to the same, the trial court then entered the following terms of settlement:

> **<u>Payment</u>**
>
> 1. Defendants will pay Plaintiff the sum of $55,000.00, which shall be paid by check from Bright Star Academy, LLC, made payable to Grayson Murra and mailed via U.S. Certified Mail, return receipt requested, to his primary address of residence on the following schedule:
>
> > a. $35,000.00 within seven (7) days of this Entry;

b. The remaining $20,000.00 shall be paid in 12 quarterly installment payments over the next 36 months. The first eleven installment payments shall be in the amount of $1,666.66 per quarter, with the first payment due on or before the last day of June 2016, and subsequent payments due on or before the last day of every quarter. The last quarterly installment payment shall be in the amount of $1,666.74. All quarterly payments are to be paid by check from Bright Star Academy, LLC, made payable to Grayson Murra and mailed via U.S. Certified Mail, return receipt requested, to Murra's primary address of residence as identified in his employment records maintained at Bright Star Academy, LLC. Each quarterly payment shall be postmarked no later than the last day of each quarter.

c. If Plaintiff changes his primary address of residence before all of the quarterly installment payments have been paid, he shall notify Ann Farrauto within 30 days of the change of residency.

### Dismissals with Prejudice; Release of Claims

2. Within 15 days of receiving the initial $35,000.00 payment set forth in Section 1(a) above, Plaintiff will file a dismissal with prejudice in the lawsuit captioned *Grayson Murra v. Ann Farrauto, John Farrauto, and Bright Star Academy, LLC*, Franklin County Common Pleas Court Case No. 14 CVH-07-7219 (the "Lawsuit"), with each Party to bear their own costs.

3. The Parties, as a part of the total settlement of all claims referenced herein, and for themselves, their agents, employees, members, officers, shareholders, subsidiaries, affiliates, representatives, heirs, beneficiaries, executors, administrators, successors and assigns, do fully, finally and unconditionally release, acquit and discharge each other and their current and former employees, members, officers, shareholders, representatives, subsidiaries, affiliates, attorneys, successors, and assigns, without admitting any liability to the other but expressly denying any such liability, from any and all claims of any kind or nature whatsoever, whether based in statutory violation, contract, tort, or otherwise, as well as all claims, demands, damages, actions, causes of action, or suits of any kind or nature whatsoever, on account of their past employment dealings including, but not

limited to, those as set forth in, which could have been set forth in and/or related to the facts alleged in the Complaint and the Answer which were filed in the Lawsuit, inclusive of all claims existing or occurring at any time on or before January 25, 2016.

**Other Terms**

4. This Entry shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

5. The Franklin County Court of Common Pleas, General Division shall retain jurisdiction of this matter only to the extent necessary to enforce the terms of this Settlement Entry.

6. The Parties warrant that they are duly authorized to enter into the settlement agreement and bind the respective parties in interest in accordance with the terms set forth herein, and the terms hereof shall be fully binding on, shall inure to the benefit of, and shall be enforceable by the respective heirs, assigns, agents, and successors in interest of each party hereto.

(Decision at 4-5.)

{¶ 8}   As such, the trial court then granted in part, and denied in part, plaintiff's March 1, 2016 motion to enforce settlement agreement. (Decision at 5.)

## II.  ASSIGNMENT OF ERROR

{¶ 9}   Appellant appeals, assigning a single error:

Where the parties entered a full settlement agreement on the record and Defendants/Appellees later repudiated that agreement by unilaterally demanding it include additional terms, the Trial Court erred in allowing Defendants' repudiation of the settlement agreement and in entering a Settlement Order that included terms never proposed, never negotiated, and never accepted by Plaintiff/Appellant.

## III.  DISCUSSION

{¶ 10} Appellant argues that the issue in this appeal is a question of contract law, and as such, our standard of review should be de novo. *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.,* 74 Ohio St.3d 501, 502 (1996) and *In re All Kelley & Ferraro Asbestos Cases*, 104 Ohio St.3d 605, 2004-Ohio-7104, ¶ 28. In contrast, appellee argues that the standard of review is abuse of discretion "because the

parties dispute the settlement agreement's terms." *Savoy Hospitality, LLC v. 5839 Monroe St. Assocs. LLC*, 6th Dist. No. L-14-1144, 2015-Ohio-4879, ¶ 35. We find that, under either standard, appellant's assignment of error fails.

{¶ 11} Appellant argues that the trial court erred in allowing appellees repudiation of the settlement agreement and entering in a settlement order that included terms never proposed, negotiated or accepted by appellant. Appellant alleges that the trial court altered the terms of the parties' agreement and incorporated appellees' proposed terms, which greatly prejudiced appellant. In addition, appellant claims that he is under no obligation to identify which of appellees' proposed new terms are objectionable. As such, appellant "had—and has—no duty to identify why he finds [appellees'] newly-demanded terms abusive and unacceptable." (Appellant's Reply Brief at 10.) We disagree.

{¶ 12} Initially, we note that appellant does not point to any evidence in the record that suggests that appellees repudiated the agreement. A "repudiation must be expressed in clear and unequivocal terms." *Garb-Ko, Inc. v. Benderson*, 10th Dist. No. 12AP-430, 2013-Ohio-1249, ¶ 13, citing to *McDonald v. Bedford Datsan*, 59 Ohio App.3d 38, 40 (8th Dist.1989). A " 'mere request for a change in the terms or a request for cancellation of the contract is not in itself enough to constitute a repudiation.' " *McDonald* at 40, quoting 4 Corbin, *Contracts,* Section 973, at 905-06 (1951); *Qutifan v. Shafiq*, 10th Dist. No. 15AP-814, 2016-Ohio-4555, ¶ 25. Appellant's claim that appellees repudiated the settlement agreement has no basis in the record.

{¶ 13} In addition, App.R. 16(A)(7) requires that appellant include in his brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 12(A)(2) provides that "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief." As we have held, "[i]f an argument exists supporting an assignment of error, 'it is not this court's duty to root it out.' " *Reid v. Plainsboro Partners, III,* 10th Dist. No. 09AP-442, 2010-Ohio-4373, ¶ 22, quoting *State v. Breckenridge*, 10th Dist. No. 09AP-95, 2009-

Ohio-3620, ¶ 10, citing *Whitehall v. Ruckman*, 10th Dist. No. 07AP-445, 2007-Ohio-6780, ¶ 20.

{¶ 14} Appellant never identifies his objection to the trial court's settlement agreement or release of claims and how it somehow favors the appellees, or how he is prejudiced. Appellant does not identify any provision within the settlement entry that does not comport with the agreement of the parties. Appellant never expressed any specific objection to the terms proposed. Nor was there ever any objection presented to the trial court, or even this court, regarding the terms proposed or those set forth in the settlement entry. Appellate courts, pursuant to App.R. 12(A)(2) and 16(A)(7), are not required to search the record for evidence supporting an appellant's argument. *Natl. City Real Estate Servs. LLC v. Shields*, 11th Dist. No. 2012-T-0076, 2013-Ohio-2839, ¶ 42.

{¶ 15} However, in the interests of justice, we note that the facts of this dispute are very similar to a case previously addressed by this court in *Ruffian, LLC v. Hayes*, 10th Dist. No. 09AP-948, 2011-Ohio-831. In *Ruffian,* the court overruled an appeal when the appellant failed to present any argument challenging the trial court's settlement agreement terms. "[I]t is clear that appellant has failed to present an argument challenging the trial court's action on appellee's motion to enforce. Nowhere does appellant challenge the substance of the trial court's * * * decision or the entry filed in conjunction therewith." *Id.* at ¶ 21.

{¶ 16} The substance of the issue in *Ruffian* was also very similar to this appeal wherein the core terms of the settlement were reflected on the record. Thereafter, the attorneys exchanged various settlement agreements. Eventually, when the settlement agreement discussions broke down, the court was called on to resolve the dispute and incorporate the appropriate terms into the settlement entry. In affirming the trial court's entry, this court held:

> "[A] settlement agreement is a contract designed to terminate a claim by preventing or ending litigation[.]" *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St. 3d 501, 502, 1996 Ohio 158, 660 N.E.2d 431. "An agreement is enforceable if it encompasses the essential elements of the bargain." *Mr. Mark Corp. v. Rush, Inc.* (1983), 11 Ohio App.3d 167, 169, 11 Ohio B. 259, 464 N.E.2d 586, citing *Beck v. Daley* (1943), 72 Ohio App. 307, 315-17, 37 Ohio Law Abs. 592, 48 N.E.2d 879. If less essential terms are

> omitted from an agreement, they may be resolved by "later agreement or judicial resolution." *Id.* "If the court can determine that the parties intended to be bound, it may fashion those less essential terms that were omitted in order to reach a fair and just result." *Imbrogno v. MIMRx.COM, Inc.,* 10th Dist. No. 03AP-345, 2003 Ohio 6108, quoting *Gurich v. Janson* (Nov. 17, 2000), 11th Dist. No. 99-A-0006, 2000 Ohio App. LEXIS 5369; see also *Shaffer v. Triple Diamond Excavating,* 11th Dist. No. 2009-T-0104, 2010 Ohio 3808, ¶ 22; *Keck v. Health Care & Retirement Corp. of Am.* (Dec. 15, 2000), 11th Dist. No. 99-L-105, 2000 Ohio App. LEXIS 5915; *Alligood v. Proctor & Gamble Co.* (1991), 72 Ohio App. 3d 309, 311, 594 N.E.2d 668, citing *Litsinger Sign Co. v. American Sign Co.* (1967), 11 Ohio St.2d 1, 227 N.E.2d 609.

*Id.* at ¶ 17.

{¶ 17} In this case, the trial court specifically asked the parties to provide proposed settlement agreements. The trial court found that appellees' proposed settlement agreement terms "[do] not conflict with the terms read into the record" and "provide additional details pertinent to the how, when and where the payments are to be made, which terms serve to avoid any confusion that may arise between the parties." (Decision at 3.) The trial court also found that "the terms related to the release of claims likewise do not conflict with the terms read into the record, are of a boiler-plate nature and apply equally to both sides." *Id.* Following a thorough review of the record and the trial court's terms of settlement, we agree.

{¶ 18} There is no dispute that the parties intended to be bound to the settlement agreement. The basic economic provisions of the terms of the settlement were stated on the record. The remainder of the settlement entry simply contains the "less essential terms" necessary to effectuate the conclusion of the matter. There is absolutely nothing inconsistent between the transcript of the agreement between the parties and the settlement entry or release of claims. In short, it is not a "new" agreement but, rather, it is a written agreement that fully and accurately reflects the parties' agreement.

{¶ 19} The trial court did not err in fashioning a settlement entry and release of claims in "order to reach a fair and just result." *Ruffian* at ¶ 17. Nor did the trial court err as a matter of law in granting in part, and denying in part, appellant's motion to enforce settlement agreement. As such, appellant's assignment of error is overruled.

## IV.  DISPOSITION

{¶ 20} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BRUNNER, J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.

————————————————