DECISION
{¶ 1} Defendant-appellant, Yoga's Drive-Thru, appeals from a judgment of the Franklin County Municipal Court granting judgment to plaintiff-appellee, Andrew Barlay, in the amount of $2,300, plus interest. Defendant assigns a single error:
The Franklin County Municipal Court abused its discretion in awarding the Plaintiff damages in that its decision was unreasonable, arbitrary and against the manifest weight of the evidence.
Because the judgment of the trial court is supported by competent, credible evidence, we affirm.
 {¶ 2} By complaint filed January 17, 2003, plaintiff sued defendant for breach of contract, contending plaintiff had performed numerous construction and renovation projects for defendant, but defendant refused to fully compensate plaintiff for his work. Defendant filed an answer on February 18, 2003, and the matter was tried to the court on May 5, 2003. At the conclusion of the trial, the court announced its decision: "I think he has proven his case. I will give him $2300." (Tr. 24.) By judgment entry filed May 8, 2003, the court journalized its decision.
 {¶ 3} Defendant's single assignment of error asserts the trial court abused its discretion in entering judgment for plaintiff because the judgment is against the manifest weight of the evidence.
 {¶ 4} Preliminarily, we note that our inquiry on review is not whether the trial court abused its discretion, but whether the judgment of the trial court is supported by competent, credible evidence. SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. In its review, "a court of appeals [is] guided by a presumption that the findings of the trier of fact were indeed correct." Id. Thus, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, 280-281.
 {¶ 5} "A contract is an agreement, upon sufficient consideration, between two or more persons to do or not to do a particular thing."Lawler v. Burt (1857), 7 Ohio St. 340, 349; see, also, Restatement of Law 2d, Contracts (1981) 5, Section 1 (defining a contract as "a promise or a set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty"); Nilavarv. Osborn (2000), 137 Ohio App.3d 469, 483.
 {¶ 6} To successfully prosecute a breach of contract claim, a plaintiff must present evidence of (1) the existence of a contract, (2) plaintiff's performance of the contract, (3) defendant's breach of the contract, and (4) plaintiff's loss or damage as a result of defendant's breach. Doner v. Snapp (1994), 98 Ohio App.3d 597, 600. "To prove the existence of a contract, a plaintiff must show that both parties consented to the terms of the contract, that there was a `meeting of the minds' of both parties, and that the terms of the contract are definite and certain." Nilavar, supra, quoting McSweeney v. Jackson (1996),117 Ohio App.3d 623, 631.
 {¶ 7} As the court explained in Stepp v. Freeman (1997),119 Ohio App.3d 68, 73, discretionary appeal not allowed,79 Ohio St.3d 1491, well-established law reveals "there are three categories of contracts: express, implied in fact, and implied in law. * * * Express and implied-in-fact contracts differ from contracts implied in law in that contracts implied in law are not true contracts," but are a legal fiction used to achieve an equitable result; they are not dependent on whether the elements of a contract are proven. Id., citingSabin v. Graves (1993), 86 Ohio App.3d 628, 633.
 {¶ 8} "On the contrary, the existence of express or implied-in-fact contracts does hinge upon proof of all of the elements of a contract."Stepp, at 74, citing Lucas v. Costantini (1983), 13 Ohio App.3d 367,368. "In express contracts, assent to the terms of the contract is actually expressed in the form of an offer and an acceptance." Id. By contrast, the parties' meeting of the minds in implied-in-fact contracts "is shown by the surrounding circumstances, including the conduct and declarations of the parties, that make it inferable that the contract exists as a matter of tacit understanding, "and an agreement was intended. Stepp, at 74, citing Point East Condominium Owners' Assn. v.Cedar House Assn. (1995), 104 Ohio App.3d 704, 712. Within those parameters, defendant contends the evidence demonstrated no written contract between the parties, no meeting of the minds, and no damages established with a reasonable degree of certainty.
 {¶ 9} According to plaintiff's testimony, he and defendant agreed that plaintiff would work on a number of projects for defendant. The first involved a written contract for plaintiff to perform roofing work to the building containing defendant's drive-thru business. Although the contract was not entered as an exhibit in the case, the transcript reflects that defendant had a copy of the written agreement at trial.
 {¶ 10} In addition, plaintiff testified he entered into an oral contract with defendant for an awning. According to plaintiff's testimony, at the conclusion of the roofing job, plaintiff explained he "could not install the — a termination strip on the edges of the roof until the awning was installed. While I gave him an estimate for the cost of the awnings, what the materials would cost and my labor; and then he proceeded to write me a check, which I then, in turn, provided to the supplier of the steel. And then he [defendant] and I went to pick up the canvas materials, but they weren't available, they had to bring them out. They gave us one portion, which is white. From that point I began production of the fabrication of creating the awning frames." (Tr. 9.) According to plaintiff, he completed the awning frames, despite surgery for an injured finger. Defendant, however, refused to pay for the awning frames. Plaintiff testified defendant owed him $2,300 for unpaid labor, "and that includes $691 for material from the first labor of work." (Tr. 12.)
 {¶ 11} Even if plaintiff's evidence does not demonstrate an express contract, it demonstrates an implied-in-fact contract. Plaintiff testified he and defendant agreed plaintiff would construct awnings for defendant. The agreement and meeting of the minds were evident in defendant's response to plaintiff's materials plus labor proposal; defendant wrote a check for the steel necessary to construct the number of awning frames plaintiff was to build, and defendant accompanied plaintiff to purchase the canvas. Having shown the existence of a contract, plaintiff demonstrated his own performance by testifying the frames were ready to be installed at defendant's business. Indeed, according to plaintiff, when he advised defendant that the completed awning frames would be installed at the close of business that day, defendant did not protest that he had not agreed to the work or that the work was incomplete, but, rather, suggested a different day for installation.
 {¶ 12} Finally, plaintiff established damages with his own testimony that defendant refused to pay for the awnings, causing plaintiff to suffer a loss of $2,300, including the $691 owed on the first contract, the roofing contract. As a result, the trial court's judgment finding a contract between plaintiff and defendant for the awning frames is supported by the evidence.
 {¶ 13} Defendant nonetheless contends plaintiff's damages are to speculative to support the trial court's judgment. Contrary to defendant's contentions, the transcript indicates plaintiff was to be compensated "based against time and material." (Tr. 9.) According to plaintiff, damages under that formula were $2,300. Defendant did not cross-examine plaintiff; nor did he present evidence impugning plaintiff's monetary claim, other than to deny owing anything. Accordingly, the trial court reasonably could discount defendant's testimony, find plaintiff's testimony to be credible, and award $2,300 to plaintiff.
 {¶ 14} For the foregoing reasons, we overrule defendant's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
BROWN and KLATT, JJ., concur.