[Cite as *Open Container, Ltd. v. CB Richard Ellis, Inc.*, 2015-Ohio-85.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Open Container, Ltd., | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 14AP-133 |
| | | (C.P.C. No. 11CVH-05-6683) |
| CB Richard Ellis, Inc. et al., | : | |
| | | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on January 13, 2015

*Law Offices of Marcell Rose Anthony, LLC,* and *Marcell Rose Anthony*; *Golden & Meizlish Co., LPA*, *Adam H. Karl* and *Keith E. Golden*, for appellant.

*BakerHostetler*, *John H. Burtch* and *Robert J. Tucker*, for appellee CB Richard Ellis, Inc.

*Carpenter Lipps & Leland LLP*, and *Andrew W. Owen*, for appellee Greater Ohio Leasing Corporation.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Plaintiff-appellant, Open Container, Ltd. ("Open Container"), appeals the granting of summary judgment for defendants-appellees, CB Richard Ellis, Inc. ("CBRE") and Greater Ohio Leasing Corporation ("Greater Ohio"). For the following reasons, we affirm.

{¶ 2} Open Container leased property from Greater Ohio. The lease was initially commenced on November 1, 1997 and was subsequently amended on November 5, 1998.

The period of the lease was six years, with two five-year renewal options. Open Container operated a restaurant on the property until 2001.

{¶ 3} In 2003, Open Container exercised its option to renew the lease. In January 2004, Open Container entered into an "Offer to Purchase Real Estate" ("offer to purchase") with Greater Ohio whereby Open Container was given 45 days to obtain financing and purchase the property; otherwise, the agreement could be considered null and void. Appellant claims there were various oral agreements about marketing the property, the closed restaurant, and a long-term agreement for sale following expiration of the 45-day period. As a result, appellant believed that the offer to purchase was still in effect. However, Open Container failed to obtain the required financing.

{¶ 4} On February 2, 2006, Open Container entered into a listing agreement with CBRE whereby CBRE agreed to list the property for sale, but first required documentation that Open Container had authority to sell the property. Open Container's president, Andrew Cohodes, indicated that the authority to sell the property came from the offer to purchase agreement with Greater Ohio.

{¶ 5} On February 21, 2006, Greater Ohio terminated the lease due to Open Container's failure to pay rent. Greater Ohio also informed Open Container that it was formally declaring the offer to purchase agreement to be null and void. CBRE later was informed that Open Container lacked the authority to sell the property and cancelled the listing. On May 1, 2006, CBRE entered into a new listing agreement with Greater Ohio to list the property.

{¶ 6} In August 2006, Greater Ohio filed an action in the Franklin County Municipal Court seeking to evict Open Container. Open Container filed a counterclaim and the case was transferred to the common pleas court. An interim appeal was pursued to this court and in March 2011, we remanded the case back to the common pleas court. *Greater Ohio Leasing Corp. v. Open Container, Ltd.*, 10th Dist. No. 10AP-629, 2011-Ohio-1258.

{¶ 7} Greater Ohio and CBRE both filed motions for summary judgment which were granted by the common pleas court on September 30, 2013. Open Container appealed. This court dismissed the appeal as there was a counterclaim still pending and

Civ.R. 54(B) language was absent. (R. 91.) Greater Ohio dismissed its counterclaim and Open Container filed another notice of appeal which is now properly before this court.

{¶ 8} As noted earlier, the trial court granted CBRE's motion for summary judgment. CBRE's involvement in the case is based on its entering into and then removing itself from a listing agreement with Open Container. The trial court reasoned that CBRE had a statutory obligation to remove the listing with Open Container once CBRE could no longer believe that Open Container was an authorized agent of Greater Ohio following notice of the termination of the lease agreement between Open Container and Greater Ohio.

{¶ 9} The trial court also granted Greater Ohio's motion for summary judgment agreeing that any possible verbal agreement between Greater Ohio and Open Container was not reduced to writing and therefore could not overcome the requirements of the Statute of Frauds, R.C. 1335.05. The offer to purchase agreement was the only written contract between Open Container and Greater Ohio concerning the sale of the property and it was properly voided. The trial court noted that Open Container made many of the improvements to the property to convert what was essentially an unimproved warehouse into a restaurant. The trial court noted, however, that Open Container had ample opportunity to remove any of its property from the premises but chose not to take advantage of a court order allowing it to do so.

{¶ 10} Open Container brings seven assignments of error for our consideration:

> [I.] THE TRIAL JUDGE ERRED WHEN HE RULED THAT "PROPERTY" IN THE CBRE – OCLTD LISTING CONTRACT ONLY MEANT "REAL ESTATE," NAMELY LAND AND BUILDING. TO THE CONTRARY, THAT UNAMBIGUOUS CONTRACT REFLECTS THAT APPELLANT WAS SELLING HIS 10, 000 SQUARE FOOT TURNKEY RESTAURANT WITH THE LONG TERM LEASE OF GOLC'S WAREHOUSE, FOR $1.5 MILLION, ALL OF WHICH WAS KNOWN TO APPELLEE, CBRE, AT THE SIGNING OF ITS LISTING CONTRACT WITH OCLTD, IN THE 2006 CASE AND APPEAL, AND APPELLEE'S FILING OF ITS MOTION FOR SUMMARY JUDGMENT IN THE 2011 CASE AND THIS APPEAL.
>
> [II.] THE TRIAL JUDGE ERRED WHEN HE RULED THAT APPELLEE, CBRE, WAS FORCED DUE TO ETHICS AND

R.C. 4735.18(A)(20) TO CANCEL THE CBRE – OCLTD LISTING CONTRACT IN ITS ENTIRETY, AND RE-SIGN A LISTING CONTRACT WITH APPELLEE, GOLC, FOR A LISTING PRICE OF $1.2 MILLION FOR THE "REAL ESTATE" THAT WAS WORTH LESS THAN $.5 MILLION WHILE THE REMAINDER WAS BY DEFAULT FOR APPELLANT'S TURNKEY RESTAURANT. THE RECORD REFLECTS THAT APPELLEE, CBRE VIOLATED ETHICS AND COMMITTED FRAUD ON THE COURT, AND R.C. 4735.18(A)(20) WAS MISAPPLIED IN THE TRIAL JUDGE'S GRANT OF SUMMARY JUDGMENT TO APPELLEE, CBRE.

[III.] THE TRIAL JUDGE ERRED WHEN HE APPLIED THE STATUTE OF FRAUDS TO A SEPARATE OPTION PURCHASE AGREEMENT FOR REAL ESTATE BETWEEN APPELLANT AND APPELLEE, GOLC, WHICH WAS PURPORTEDLY VOIDED BY GOLC. R.C. 1335.05 DOES NOT APPLY DUE TO THE FACT THAT THAT SEPARATE OPTION PURCHASE AGREEMENT WAS WAIVED AS TO THE FINANCING REQUIREMENT, OR ESTOPPEL APPLIED REGARDING FINANCING AS A MATTER OF LAW, LEAVING THE DISPUTED MATERIAL FACTS OF ESTOPPEL AND WAIVER FOR THE JURY.

[IV.] THE TRIAL JUDGE ERRED WHEN HE APPLIED THE STATUTE OF FRAUDS TO A SEPARATE OPTION TO PURCHASE AGREEMENT FOR THE REAL ESTATE BETWEEN APPELLANT AND APPELLEE, GOLC, BECAUSE THE LONG-TERM LEASE ITSELF CONTAINED AN OPTION TO PURCHASE THE REAL ESTATE WHICH WAS VIABLE AND R.C. 1335.05 DOES NOT APPLY TO THAT LONG-TERM WRITTEN LEASE.

[V.] THE TRIAL JUDGE ERRED WHEN IT TERMINATED THE CASE SINCE NINE OTHER CLAIMS IN THE REFILED COMPLAINT WERE VIABLE AND SHOULD NOT HAVE BEEN GRANTED SUMMARY JUDGMENT FOR APPELLEES.

[VI.] THE TRIAL COURT ERRED BY RESOLVING QUESTIONS OF MATERIAL FACT AND BY RESOLVING ON CREDIBILITY OF PARTIES AND WITNESSES, SINCE THESE ISSUES WERE JURY QUESTIONS, THUS REQUIRING DENIAL OF SUMMARY JUDGMENT TO THE APPELLEES.

[VII.] APPELLANT'S GUARANTEES UNDER THE U.S. CONSTITUTION, AND APPELLANT'S CIVIL RIGHTS, HAVE BEEN VIOLATED.

{¶ 11} Addressing Open Container's argument that the trial court did not have the proper record before it when deciding both summary judgment motions, we note that Open Container did not object to any of Greater Ohio's or CBRE's summary judgment evidence. The trial court was free to then consider the evidence presented by Greater Ohio and CBRE. *Leonard v. Georgesville Ctr., LLC*, 10th Dist. No. 13AP-97, 2013-Ohio-5390, ¶ 22, citing *Reed v. Davis*, 10th Dist. No. 13AP-15, 2013-Ohio-3742, ¶ 14. Courts may consider other forms of evidence than those specified in Civ.R. 56(C) if there is no objection to the evidence. *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 122 Ohio St.3d 260, 2009-Ohio-2871, ¶ 17. We therefore elect to consider only the same evidence that was before the trial court on the summary judgment motions.

{¶ 12} Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:

> [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion * * *.

Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 629 (1992), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 65-66 (1978). "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the non-

moving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Once the moving party meets its initial burden, the non-moving party must then produce competent evidence showing that there is a genuine issue for trial. *Id.* at 293.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

Civ.R. 56(E). Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59 (1992).

{¶ 13} De novo review is well established as the standard of review for summary judgment. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We stand in the shoes of the trial court and conduct an independent review of the record applying the same summary judgment standard. As such, we must affirm the trial court's judgment if any of the grounds raised by the moving party, at the trial court's level, are found to support it, even if the trial court failed to consider those grounds. *See Dresher*; *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

{¶ 14} The first assignment of error argues the trial court improperly concluded that the property for sale in the CBRE and Open Container listing contract only meant the land and the building. Appellant's assertion is simply incorrect. The listing agreement clearly states that the property is described as "A 10,000 [square foot] restaurant/warehouse located at 93-95 Liberty St. Cols. OH 43215," for the price of $1,500,000. (R. 4: Complaint, exhibit C, Exclusive Sales Listing Agreement.) The trial court does not conclude that the listing agreement only meant the land and building. Rather, based on the submitted depositions, affidavits, the plan language of the listing agreement, and the price of $1,500,000, the trial court concluded that Open Container intended to sell the land, buildings, and all the amenities of the restaurant within. Andrew Cohodes admitted in affidavits that the intention was to "sell the entire property, including the restaurant, and long-term lease." (R. 47: Memo Contra to SBRE Motion for

Summary Judgment, Cohodes' December 21, 2011 affidavit, ¶ 35.) We agree that the listing agreement between CBRE and Open Container included everything on the property. Appellant's assertion is without merit.

{¶ 15} The first assignment of error is overruled.

{¶ 16} Open Container's second assignment of error argues that CBRE was not forced by ethics and R.C. 4735.18(A) to cancel the listing contract between CBRE and Open Container, arguing that CBRE wrongfully terminated the contract. R.C. 4735.18(A) Disciplinary Action reads:

> [T]he Ohio real estate commission * * * may impose disciplinary sanctions upon any licensee who, in the licensee's capacity as a real estate broker or salesperson, or in handling the licensee's own property, is found guilty of:
>
> (20) Having offered real property for sale or for lease without the knowledge and consent of the owner or the owner's authorized agent, or on any terms other than those authorized by the owner or the owner's authorized agent[.]

It is clear that once CBRE became aware that Open Container was not the owner's authorized agent, it would need to terminate the contract or face possible disciplinary sanctions. It also was clear from Andrew Cohodes' deposition that CBRE was in a contract to sell the property and not merely the long-term lease.

{¶ 17} Any offer Open Container had to purchase the property ended at the very latest when Charles Natoli, president of Greater Ohio, sent Andrew Cohodes a letter on February 21, 2006 giving formal notice that Open Container's offer to purchase was null and void and that the lease was terminated for substantial default. (R. 101.) CBRE was informed that Open Container was not the Greater Ohio's authorized agent. CBRE was then required to cancel the contract, which it did after being contacted by Greater Ohio which inquired about the for sale sign on the property. The trial court did not error in concluding that CBRE had a statutory obligation to remove the listing. The second assignment of error is overruled.

{¶ 18} The third and fourth assignments of error argue the trial court erred in applying the statute of frauds, R.C. 1335.05. The statute of frauds requires that certain agreements be in writing. R.C. 1335.05 states, in pertinent part:

> No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

The purpose of the statute of frauds is to prevent "frauds and perjuries." *Wilber v. Paine*, 1 Ohio 251, 255 (1824). The statute does so by informing the public and judges of what is needed to form a contract and by encouraging parties to follow these requirements by nullifying those agreements that do not comply. *Olympic Holding Co., L.L.C. v. ACE Ltd.*, 122 Ohio St.3d 89, 2009-Ohio-2057, ¶ 33.

{¶ 19} The third assignment of error argues the trial court erred in applying the statute of frauds to the January 2004 option to purchase agreement between Open Container and Greater Ohio. Open Container again misconstrues the trial court's decision. The trial court did not apply the statute of frauds to the option to purchase agreement. The trial court merely found that the option to purchase was rendered null and void at the latest by the February 21, 2006 letter from Greater Ohio to Open Container.

{¶ 20} Open Container argues that the financing requirement of the option to purchase was orally waived by Greater Ohio and thus Greater Ohio was barred from voiding the purchase agreement. Viewing this in the light most favorable to the non-moving party, even if Greater Ohio did in fact waive the financing requirement, such a waiver would still be required to be reduced to writing. "[T]he statute of frauds bars a party from enforcing an oral agreement falling within the statute." *FirstMerit Bank, N.A. v. Inks*, 138 Ohio St.3d 384, 2014-Ohio-789, ¶ 22.

{¶ 21} The third assignment of error is overruled.

{¶ 22} The fourth assignment of error claims that the lease between Greater Ohio and Open Container contained an option to purchase separate from the 2004 offer. Open Container failed to bring such argument before the trial court. A party who fails to raise an argument in the court below waives his or her right to raise it on appeal. *State ex rel.*

*Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278 (1993). An appellate court must, therefore, limit its review of the case to the arguments contained in the record before the trial court. *Litva v. Village of Richmond*, 172 Ohio App.3d 349, 2007-Ohio-3499, ¶ 18 (7th Dist.).

{¶ 23} The fourth assignment of error is overruled.

{¶ 24} The fifth assignment of error claims that there were several viable claims remaining before the trial court and therefore summary judgment should not have been granted. Firstly, we note that the trial court granted summary judgment as to Open Container's breach of contract claim against Greater Ohio, and the breach of contract claim against CBRE. Therefore, the trial court denied Open Container's request for declaratory judgment. We also note that summary judgment pertaining to the trespass claim was not disputed. We therefore examine any other possible remaining claims.

{¶ 25} The trial court may not have addressed all such claims individually, but such claims were addressed in appellees' motions for summary judgment. As such, we must affirm the trial court's judgment if any of the grounds raised by the moving party, at the trial court's level, are found to support it, even if the trial court failed to consider those grounds. *See Dresher*; *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist. 1995).

{¶ 26} Appellees sought summary judgment on the remaining claims based primarily on Open Container's lack of damages. We find Open Container's remaining claims did, in fact, require some showing of loss or damages. "Summary judgment may be granted to the defendant in a breach-of-contract case where the plaintiff has failed to provide evidence of economic damages resulting from a breach of contract and has failed to seek injunctive relief or specific performance of a contractual duty, but instead rests his or her right to proceed to trial solely on a claim for nominal damages." *DeCastro v. Wellston City Sch. Dist. Bd. of Edn.*, 94 Ohio St.3d 197, 201 (2002).

{¶ 27} Further, the remaining claims which Open Container now alleges do require proof of damages. To successfully prosecute a claim for breach of an implied-in-fact contract, a plaintiff must present evidence of loss or damage as a result of defendant's breach. *See Barlay v. Yoga's Drive Thru*, 10th Dist. No. 03AP-545, 2003-Ohio-7164. A claim of promissory estoppel involves four elements including that the party relying on

the promise must have been injured by the reliance.  *Holt Co. v. Ohio Mach. Co.*, 10th Dist. No. 06AP-911, 2007-Ohio-5557.  To prevail on a claim for unjust enrichment: (1) the plaintiff must have conferred a benefit on defendant; (2) defendant knew of the benefit; (3) defendant would be unjustly enriched to retain the benefit without compensating plaintiff.  *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183 (1984).  An element of tortious interference with a contract is resulting damages.  *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 85 Ohio St.3d 171 (1999).  A plaintiff that suffers no actual damages from the underlying unlawful act cannot bring a successful civil conspiracy action.  *Porter v. Saez*, 10th Dist. No. 03AP-1026, 2004-Ohio-2498, ¶ 77.  A claim of breach of fiduciary duty requires an injury resulting proximately therefrom.  *Strock v. Pressnell*, 38 Ohio St.3d 207, 216 (1988).

{¶ 28} Viewing the evidence most favorably to Open Container, we find that Open Container did not suffer any damages.  Open Container did not receive a single offer while marketing the property for sale in 2006.  After appellant was excluded from marketing the property, the property sold for $435,000.  Pursuant to any alleged agreement between the parties, Greater Ohio was entitled to at least the first $445,000 from the sale.  Thus, Open Container was not entitled to any proceeds from the sale.  Without any damages suffered, the remaining claims do not survive summary judgment.

{¶ 29} The fifth assignment of error is overruled.

{¶ 30} Open Container argues in the sixth assignment of error that the trial court improperly resolved questions of material fact.  Open container argues that there was an issue as to what Open Container was selling in the listing between CBRE and Open Container.  There is no outstanding genuine issue of material fact as to what Open Container contracted for CBRE to list as for sale.  As noted earlier, Andrew Cohodes, president of Open Container, clearly indicated in his deposition that CBRE was to sell the whole restaurant and the property.  The sale was not merely the sale of a long-term lease as Open Container now claims.

{¶ 31} The trial court was correct in concluding that the affidavits of Robert Kutschback, Open Container's expert and Andrew Cohodes do not create a genuine issue of material fact.  A genuine issue of material fact is not created by the contradictory evidence submitted from a nonmoving party in a summary judgment motion absent some

sufficient explanation of the contradiction.    "[W]hen an inconsistent affidavit is presented in support of, or in opposition to, a motion for summary judgment, a trial court must consider whether the affidavit contradicts or merely supplements the affiant's earlier sworn testimony. * * * A nonmoving party's contradictory affidavit must sufficiently explain the contradiction before a genuine issue of material fact is created." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 29.

{¶ 32} The sixth assignment of error is overruled.

{¶ 33} The seventh assignment of error asserts for the first time that Greater Ohio and CBRE violated civil rights of Open Container guaranteed by the United States Constitution.  Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed.  *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 81 (1997).  A party who fails to raise an argument in the court below waives his or her right to raise it on appeal.  *State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278 (1993).  We will not further consider the argument that Open Container's civil rights were violated.

{¶ 34} The seventh assignment of error is overruled.

{¶ 35} Having overruled all the assignments of error, we affirm the decision of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.

————————————