[Cite as *Ta v. Chaudhry*, 2016-Ohio-4944.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Phu Ta, | : | |
| Plaintiff-Appellee/ [Cross-Appellant], | : | |
| | : | |
| v. | | No. 15AP-867 |
| | : | (M.C. No. 2014CVH-8474) |
| Muhammad Chaudhry, | | |
| | : | (REGULAR CALENDAR) |
| Defendant-Appellant/ [Cross-Appellee]. | : | |

## D E C I S I O N

Rendered on July 12, 2016

**On brief:** *Strip, Hoppers, Leithart, McGrath & Terlecky Co., LPA,* and *Nelson E. Genshaft,* for appellee/cross-appellant. **Argued:** *Nelson E. Genshaft.*

**On brief:** *Gillett Law Office, LLC,* and *Gary A. Gillett,* for appellant/cross-appellee. **Argued:** *Gary A. Gillett.*

APPEAL from the Franklin County Municipal Court

TYACK, J.

{¶ 1} Plaintiff-appellee, Phu Ta, and defendant-appellant, Muhammad Chaudhry, both appealed from the decision of the Franklin County Municipal Court. Ta and Chaudhry both filed cross-appeals against each other. For the following reasons, we affirm the decision of the trial court.

{¶ 2} Chaudhry filed one assignment of error for our consideration:

The Municipal Court erred in its Decision and Entry of August 17, 2015 by denying the Counterclaim of Appellant Muhammad Chaudhry for Breach of Contract against Appellee/Cross-Appellant, Phu Ta on Grounds that no Contract Existed Among the Parties.

{¶ 3}   Ta has filed two cross-assignments of error for our consideration:

> [I.] The Trial Court improperly held that the Remodeling Agreement entered into by the parties was not an enforceable contract.
>
> [II.] The Trial Court improperly held that a separate oral agreement regarding installation of the fire wall [sic] between the two units was an unenforceable contract without disposing of the Cross-Appellant's damages for lost rent.

## Factual and Case History

{¶ 4}   Ta is the owner of a building located at 895 Parsons Avenue, Columbus, Ohio.  On June 16, 2012, Chaudhry and Cheryl Solomon signed a lease with Ta to run a daycare business by leasing unit C of the building.  At the same time, the three parties signed a remodeling agreement regarding the cost of upgrades that were to be done to the property to accommodate the new daycare.  These costs were to be shared.

{¶ 5}   Sometime after signing the lease, it was discovered that the building lacked a firewall between rental units B and C.  This firewall was required by the Columbus City Code in order to run a daycare.  Ta claims that the parties entered into an oral modification of the remodeling agreement to add the necessary firewall between units B and C while Chaudhry claims there was no enforceable agreement.

{¶ 6}   On March 18, 2014, Ta filed suit to recover damages from Chaudhry and Solomon for their alleged failure to reimburse him for money spent to make repairs to the property and for lost rent due to not completely making the repairs in a timely manner which prevented adjoining units from being leased.  Solomon settled with Ta, and Ta dismissed his claims against her and Solomon dismissed her counterclaim against Ta.  On September 4, 2014, Chaudhry filed a counterclaim against Ta alleging Ta failed to reimburse him for expenses Ta was obligated to pay under the remodeling agreement.

{¶ 7}   On June 29, 2015, the trial court conducted a trial in which both Ta and Chaudhry were represented by counsel and admitted exhibits into evidence.  On August 17, 2015, the trial court found that both parties failed to prove that the remodeling agreement was a contract.  "[T]he remodeling agreement entered into by the parties does not contain definite and certain terms such that it is a legally enforceable contract."  (Trial

court decision at 3.) The trial court ruled that the document is simply too vague and uncertain to have either party recover under a breach of contract claim.

{¶ 8} The trial court also ruled that the alleged oral agreement entered into by the parties for the installation of the firewall was not proved by clear and convincing evidence. "The evidence before the Court does not establish when the alleged oral agreement was made or the terms of the oral agreement. In particular, the parties have not indicated any words, deeds, acts, or silence on behalf of the parties that suggest that a contract was formed." (Trial court decision at 4.) The court found that neither party is entitled to prevail on a breach of oral contract claim. Chaudhry filed an appeal on September 16, 2015 and Ta filed a cross-appeal on September 23, 2015.

## Proving the Existence of a Contract

{¶ 9} Both parties to the appeal argue that the trial court erred in ruling that the remodeling agreement and the oral agreement for the firewall were not enforceable contracts.

{¶ 10} A contract is a promise or a set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes a duty. *McSweeney v. Jackson*, 117 Ohio App.3d 623, 631 (4th Dist.1996). "To successfully prosecute a breach of contract claim, a plaintiff must present evidence of (1) the existence of a contract, (2) plaintiff's performance of the contract, (3) defendant's breach of the contract, and (4) plaintiff's loss or damage as a result of defendant's breach." *Barlay v. Yoga's Drive-Thru*, 10th Dist. No. 03AP-545, 2003-Ohio-7164, ¶ 6, citing *Doner v. Snapp*, 98 Ohio App.3d 597, 600 (2d Dist.1994).

{¶ 11} It is well-settled that "[t]he existence of a contract is dependent upon an offer, an acceptance and consideration." *DeHoff v. Veterinary Hosp. Operations of Cent. Ohio, Inc.*, 10th Dist. No. 02AP-454, 2003-Ohio-3334, ¶ 47, quoting *Renaissance Technologies, Inc. v. Speaker Components, Inc.*, 9th Dist. No. 21183, 2003-Ohio-98. An offer is defined as "the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *Reedy v. Cincinnati Bengals, Inc.*, 143 Ohio App.3d 516 (1st Dist.2001). Courts generally determine the existence of a contract as a matter of law. *Motorists Mut. Ins. Co. v. Columbus Fin., Inc.*, 168 Ohio App.3d 691, 2006-Ohio-5090 (10th Dist.2006).

{¶ 12} To prove the existence of a contract, written or oral, " 'a plaintiff must show that both parties consented to the terms of the contract, that there was a "meeting of the minds" of both parties, and that the terms of the contract are definite and certain.' " *Barlay* at ¶ 6, quoting *Nilavar v. Osborn*, 137 Ohio App.3d 469, 484 (2d Dist.2000), citing *McSweeney* at 631; *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations*, 61 Ohio St.3d 366, 369 (1991).

{¶ 13} It is well established that a contract is not enforceable when the terms are not sufficiently definite. *Isquick v. Classic Autoworks*, 89 Ohio App.3d 767, 772 (8th Dist.1993) (two-page typewritten "Notes" submitted by Fuller to Isquick concerning the restoration project upon which the claim was based contained absolutely no provision concerning the extent or scope of the restoration or methods to be followed to restore the vehicles). A valid contract must be specific as to its essential terms, such as the identity of the parties to be bound, the subject matter of the contract, and consideration. *Alligood v. Procter & Gamble Co.*, 72 Ohio App.3d 309 (1st Dist.1991).

{¶ 14} The terms of a contract are sufficiently certain or definite where they "provide a basis for determining the existence of a breach and for giving an appropriate remedy." *Mr. Mark Corp. v. Rush, Inc.*, 11 Ohio App.3d 167 (8th Dist.1983), quoting Restatement of the Law 2d, Contracts, Section 33 at 92 (1981). Furthermore, " '[a]n offer which appears to be indefinite may be given precision by usage or trade or by course of dealing between the parties. Terms may be supplied by factual implication, and in recurring situations the law often supplies a term in the absence of agreement to the contrary. * * * Where the parties have intended to conclude a bargain, uncertainty as to incidental or collateral matters is seldom fatal to the existence of the contract.' " *Mr. Mark Corp.* at 169, quoting Restatement of the Law 2d, Contracts, Section 33 at 95 (1981), Comment f.

{¶ 15} Thus, if it can be determined that the parties intend to be bound, a court may fashion less essential terms that were omitted in order to reach a fair and just result. *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, S.D.Ohio No. 2:07-cv-116 (Mar. 13, 2013), citing *Litsinger Sign Co. v. Am. Sign Co.*, 11 Ohio St.2d 1 (1967). However, "if the parties' manifestations taken together as making up the contract, when reasonably interpreted in the light of all the circumstances, do not enable the court to

determine what the agreement is and to enforce it without, in effect, 'making a contract for the parties,' no enforceable obligation results." *Litsinger Sign Co.* at 14.

{¶ 16} Information regarding the work timetable and monetary remuneration are examples of the requisite definite and certain terms of a contract of a construction project. *Episcopal Retirement Homes, Inc.* at 369. When a contract does not specify a time for performance and time is not of the essence, the law implies that performance must take place within a reasonable time. *Morton Bldgs., Inc. v. Correct Custom Drywall, Inc.*, 10th Dist. No. 06AP-851, 2007-Ohio-2788, ¶ 16. A breach of the implied duty to perform within a reasonable time constitutes a material breach of the contract. *Id.*

{¶ 17} An appellate review of the existence of a contract raises a mixed question of fact and law:

> We accept the facts found by the trial court on some competent, credible evidence, but freely review application of the law to the facts. A reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use their observations in weighing credibility of the proffered testimony.

{¶ 18} *McSweeney* at 632; *see In re Jane Doe 1*, 57 Ohio St.3d 135 (1990), *see also Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77 (1984). However, reviews of questions of law regarding the existence of a contract are de novo. *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502 (1995).

## The Remodeling Agreement does Not Constitute an Enforceable Contract

{¶ 19} As a threshold issue, we examine the remodeling agreement to determine if it creates a contract. The agreement reads in relevant part:

> The Landlord (Phu Ta) and the Tenant (Mohamad A. Chaudhry and Cheryl E. Solomon) agree to pay for the upgrades at 895-C Parsons Ave location. Each party (Landlord and Tenant) agrees to pay One Half (1/2) of the following remodeling expenses:
>
> 1. Install a new Heating/Air conditioner unit to cover the back area (in front of the Overhead door).

2. Expand the Two (2) existing Restrooms to meet ADA requirements.

3. Install a new Cement Block Wall and an Emergency Exit door in place of the existing Overhead door.

4. Fire system.

5. Drop ceiling above Garage Door.

Landlord also agrees to pay One Third (1/3) of the Architect Expenses (Blue print and new Design Layout for the Restrooms). Landlord will pay up to One Thousand Dollars for his share of the Architect expenses.

Landlord will provide Tenant an estimate cost of the listed repairs. Tenant agrees to pay Landlord One Half (1/2) of the repair cost before the remodeling work is begun.

{¶ 20} Examining the agreement, we must determine if the terms of the contract are sufficiently certain and definite. The parties to the contract is one term that is certain.

{¶ 21} The agreement specifies where the upgrades are to take place, in section C of the building at 895 Parsons Ave. However, some of these upgrades might not only relate to unit C of the building. Item 4 "Fire system" would likely need to be part of some larger fire detection and suppression system that covers the whole of the property. We cannot determine what the scope of "Fire system" means. Similarly, the other upgrades themselves also lack specificity to aid a court in determining whether a party is in breach or not. The trial court noted that there is no specificity to size of the restroom expansion, the nature of the fire system, or the manner in which the ceiling was to be repaired or how low the ceiling would be lowered.

{¶ 22} The short one-page agreement further uses the terms "upgrades," "remodeling," and "repair" interchangeably. These terms clearly do not have the same meaning and when combined with such scant information about the provisions of the agreement, a court could not be able to determine when the contract would be breached. The agreement could be read to either repair or upgrade the "Fire system" and the "Drop ceiling above Garage Door."

{¶ 23} The agreement does not specify which party is responsible for actually completing the upgrades. The only indication is that the landlord would provide an

estimate for repairs and the tenants would provide one-half of the repair costs before remodeling work was to begin.  This provision only further confuses the matter as now there could be two possible categories of work to be done, repairs and remodeling.  What work constitutes repairs and what is remodeling is anything but clear.  Therefore, a court could not possibly determine which party was responsible for what work was to be completed.

{¶ 24} Further, there is no monetary limit on the scope of the project.  Nor is there any provision for a party to decline a particular repair or remodeling.  Without being certain which party is responsible for the work, the lack of monetary limits and lack of set costs for the project only exacerbate the uncertainty of the agreement as a whole.

{¶ 25} There is no time limit or time table for the completion of the work, an important consideration when dealing with a combination of remodeling a building space and a lease.  The law implies that performance must take place within a reasonable time. *Morton Bldgs., Inc.* at ¶ 16.

{¶ 26} We find that there are few certain and definite terms in the remodeling agreement.  On the whole, the agreement does not contain enough certain definite terms to create an enforceable contract.  When reasonably interpreted in light of all the circumstances, we are not able to determine what the terms of the agreement are.  To enforce the agreement as written, in effect, forces the court to make a contract for the parties.  There is no enforceable obligation that results from the remodeling agreement.

{¶ 27} Chaudhry's assignment of error is overruled and Ta's first cross-assignment of error is overruled.

{¶ 28} Ta's second assignment of error only argues the trial court improperly held that a separate oral agreement regarding the installation of a firewall between two of the units of the building was not an amendment to the original remodeling agreement but rather a separate unenforceable oral contract.  Ta only argues that the firewall agreement was an oral modification to the remodeling agreement and that Chaudhry was in breach of the modification resulting in damages of lost rent in the adjacent unit.

{¶ 29} Having affirmed that the remodeling agreement is not an enforceable contract, the agreement to install the firewall cannot be found to be an enforceable oral modification.  Therefore, we find Ta's argument to be incorrect.

{¶ 30} Ta's second cross-assignment of error is overruled.

{¶ 31} Having overruled all the assignments of error the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

BRUNNER and HORTON, JJ., concur.

_____